IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| KENNETH MELVIN STERLING, III. | : | |
| | : | |
| **Plaintiff,** | : | |
| v. | : | **CASE NO: 3:13-cv-72-CDL-CHW** |
| | : | |
| SHERIFF IRA EDWARDS, et. al. | : | |
| | : | |
| **Defendants.** | : | PROCEEDINGS UNDER 42 U.S.C. § 1983 |
| | : | BEFORE THE U.S. MAGISTRATE JUDGE |

_____

## ORDER & RECOMMENDATION

Plaintiff Kenneth Melvin Sterling, III., a pre-trial detainee currently confined at the Athens-Clarke County Jail, filed this *pro se* civil rights action under 42 U.S.C. § 1983.   Because Plaintiff is a prisoner "seeking redress from a governmental entity or [an] officer or employee of a governmental entity," the district court is also required to conduct a preliminary screening of his Complaint. See 28 U.S.C. § 1915A(a).   Having now completed a review of Plaintiff's Recast Complaint (Doc. 7), the undersigned **RECOMMENDS** that Plaintiff's claims against Sheriff Ira Edwards, the Clarke County Sheriff's Office, Clarke County Government, Southern Health Partners, Inc., and Armor Correctional Health, Inc. be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1).   Plaintiff's claims against Defendant Dr. Dubose may go forward.

Plaintiff has been granted leave to proceed in this action *in forma pauperis*.   See Order, July 22, 2013 (Doc. 6).   The $350.00 filing fee was not waived, however; Plaintiff is still obligated to pay the full fee as directed herein.   For this reason, the Clerk is **DIRECTED** to send a copy of this Order & Recommendation to the warden and/or business manager of Athens-Clarke County Jail.

**STANDARD OF REVIEW**

When conducting preliminary screening pursuant to 28 U.S.C. § 1915A(a), the district court must accept all factual allegations in the complaint as true.   Brown v. Johnson, 387 F.3d 1344, 1347 (11th Cir. 2004).   *Pro se* pleadings, like the one in this case, are also "held to a less stringent standard than pleadings drafted by attorneys" and will, therefore, be "liberally construed."   Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).   A *pro se* prisoner's pleading is nonetheless subject to dismissal if the court finds that the complaint, when viewed liberally and in the light most favorable to the plaintiff, is frivolous or malicious or that the Complaint simply fails to state a claim upon which relief may be granted. See 28 U.S.C. §1915A(b)(1). See also 28 U.S.C. §1915(e).

A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]"   Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).   To state a cognizable claim, the allegations in the complaint must also do more than "merely create[] a suspicion [of] a legally cognizable right of action." Id. at 555; see also, Marsh v. Butler County, Ala., 268 F.3d 1014, 1037 (11th Cir. 2001) (en banc) (citation omitted) ("Pleadings must be something more than an ingenious academic exercise in the conceivable."). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.   Threadbare recitals of the elements of cause of action, supported by mere conclusory statements do not suffice."   Ashcroft v. Iqbal, 556 U.S. 662, 663, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009).   Therefore, to survive a §1915A preliminary review, a prisoner's complaint must "raise the right to relief above the speculative level" by alleging facts that create "a

reasonable expectation" that discovery will reveal the evidence necessary to prove his claim.   See Twombly, 550 U.S. at 555-556.

## ANALYSIS OF CLAIMS

The present action arises from an alleged inadequate provision of dental care.   In his Complaint, Plaintiff alleges that Dr. Dubose, a dentist employed by Southern Health Partners, a medical contractor for the Athens-Clarke County Jail, provided him "grossly negligent" care for an infected tooth.   The infection allegedly worsened, but Dr. Dubose refused to order pain medicine or antibiotics for the infection.   Plaintiff's infection eventually worsened to the point that he required hospitalization and surgery.   When Plaintiff returned to the jail after surgery, the county was apparently contracting with Armor Correctional Health, Inc. for its medical and dental services.   Plaintiff alleges that physicians and/or nurses employed by the new contractor refused to provide him with necessary treatment and medications.

When viewing these allegations liberally and in the light most favorable to Plaintiff, the allegations against Dr. Dubose are sufficient to survive a frivolity review.   See Estelle v. Gamble, 429 U.S. 97, 106 (1976).[1]   It is therefore **ORDERED** that service be made on Dr. Dubose and that he file an Answer, or such other response as appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act.   Defendant is reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service under Rule 4(d).

Plaintiff has failed to state a claim against any other named defendant.   It is apparent, from the allegations made in the Complaint, that Plaintiff named Sheriff Edwards and the Clarke County

---

[1] Because Plaintiff was a pre-trial detainee at the time of the events giving rise to this action, the Eighth Amendment has no application to his claims; the relevant constitutional provision is the Due Process Clause of the Fourteenth Amendment. See Thomas v. Town of Davie, 847 F.2d 771, 772 (11th Cir. 1988) (citing City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S. Ct. 2979, 2983, 77 L.Ed.2d 605 (1983)). However, "the minimum standard allowed by the due process clause is the same as that allowed by the eighth amendment for convicted persons." Hamm v. Dekalb Cnty, 774 F.2d 1567, 1574 (1985).

Sheriff's Office as parties to this suit under a theory of respondeat superior (or supervisory liability).  The Clarke County Sheriff's Office is not a legal entity capable of being sued, however, see Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992), and Sheriff Edwards may not be held liable under §1983 simply because of he has supervisory responsibilities at the jail.  H.C. by Hewett v. Jarrard, 786 F.2d 1080, 1086-87 (11th Cir. 1986).  To state a claim against a supervisory official, a prisoner must allege facts showing that the official "personally participated in the alleged constitutional violation" or "that there is a causal connection between the actions of the supervising official and the alleged constitutional deprivation." Id.  Plaintiff has not made any such allegations or connection here.

A county and its medical contractors also cannot be held liable under §1983 on the basis of respondeat superior. McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004).  A county and its contractors can be held liable for a prisoner's injuries only when the execution of a policy or custom causes the constitutional violation.  See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Buckner v. Toro, 116 F.3d 450, 452 (11th Cir.1997) (holding that when a private corporation contracts with the county to provide medical services to inmates, the entity should be treated as a municipality).  Plaintiff's Complaint is utterly devoid of any allegations indicating that a custom or policy of Athens-Clarke County or its medical contractors caused Plaintiff's alleged injuries.

Plaintiff's Complaint thus fails to state a claim against these defendants.  It is **RECOMMENDED** that Plaintiff's claims against Sheriff Edwards, the Clarke County Government, Southern Health Partners, Inc., and Armor Correctional Health, Inc. be **DISMISSED** *without prejudice.* [2]  Plaintiff may serve and file written objections to the

---

[2] "When a *pro se* plaintiff fails to state a claim and a more carefully drafted complaint might state a claim, dismissal should be without prejudice." Washington v. Wigington, No. 1:12–CV–0637–WSD–JFK, 2012 WL 3834844, *6 n.5

undersigned's recommendations with the district judge to whom this case is assigned within fourteen (14) days after being served a copy of this Order.   See 28 U.S.C. § 636(b)(1).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address.   Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.   Defendants are similarly advised that they are expected to diligently defend all allegations made against them and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS,
## PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court.   A party need not serve the opposing party by mail if the opposing party is represented by counsel.   In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court.   If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings,

---

(N.D. Ga. July 27, 2012).   See also, Quinlan v. Pers. Transp. Servs. Co., 329 F. App'x 246, 249 (11th Cir. 2009) ("[W]e never have stated that a district court *sua sponte* must allow a plaintiff an opportunity to amend where it dismisses a complaint *without* prejudice."(emphasis in original)).

and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of Defendants from whom discovery is sought by Plaintiff.   Defendants shall not commence discovery until such time as an answer or dispositive motion has been filed.   Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure.   Plaintiff's deposition may be taken at any time during the time period hereinafter set out, provided that prior arrangements are made with her custodian.   Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of her lawsuit under Rule 37 of the Federal Rules of Civil Procedure.

It is hereby **ORDERED** that discovery (including depositions and interrogatories) shall be completed within 90 days of the date of filing of an answer or dispositive motion by Defendants (whichever comes first) unless an extension is otherwise granted by the Court upon a showing of good cause therefor or a protective order is sought by Defendants and granted by the Court.   This 90-day period shall run separately as to each Defendant beginning on the date of filing of each Defendant's answer or dispositive motion (whichever comes first).   The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court.   No party shall be required to respond to any discovery not directed to him or served upon him by the opposing counsel/party. The undersigned incorporates herein those parts of the Local Rules imposing the following

limitations on discovery: except with written permission of the Court first obtained, INTERROGATORIES may not exceed TWENTY-FIVE (25) to each party, REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and REQUESTS FOR ADMISSIONS under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party.   No party is required to respond to any request which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

Dismissal of this action or requests for judgment will not be considered in the absence of a separate motion therefor accompanied by a brief/memorandum of law citing supporting authorities.   Dispositive motions should be filed at the earliest time possible, but in any event no later than thirty (30) days after the close of discovery unless otherwise directed by the Court.

## DIRECTIONS TO CUSTODIAN OF PLAINTIFF

It is hereby **ORDERED** that the Warden of the institution wherein Plaintiff is incarcerated, or the Sheriff of any county where he is held in custody, and any successor custodians, shall each month cause to be remitted to the Clerk of this court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act, Plaintiff's custodian is authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00.

Collection of monthly payments from Plaintiff's trust fund account shall continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit or the granting of judgment against her prior to the collection of the full filing fee.

**PLAINTIFF'S OBLIGATION TO PAY FILING FEE**

Pursuant to provisions of the Prison Litigation Reform Act, in the event Plaintiff is hereafter released from the custody of the State of Georgia or any county thereof, he shall remain obligated to pay any balance due on the filing fee in this proceeding until said amount has been paid in full; Plaintiff shall continue to remit monthly payments as required by the Prison Litigation Reform Act. Collection from Plaintiff of any balance due on the filing fee by any means permitted by law is hereby authorized in the event Plaintiff is released from custody and fails to remit payments.  Plaintiff's Complaint is subject to dismissal if he has the ability to make monthly payments and fails to do so.

**SO ORDERED**, this 28th day of August, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge